# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 12, 2009

Charles R. Fulbruge III
Clerk

No. 08-10560
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE MARIO ALEMAN-MARTINEZ

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:08-CR-3-1

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Mario Aleman-Martinez (Aleman) appeals the 78-month sentence of imprisonment imposed for his guilty plea conviction for illegal reentry after deportation following an aggravated felony conviction. Aleman argues that his sentence should be vacated because the district court failed to verify that he had read and discussed the PSR with his attorney, as required by Federal Rule of Criminal Procedure 32(i)(1)(A). Because Aleman failed to object properly on this

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

basis at sentencing, we review his claim for plain error. United States v. Krout, 66 F.3d 1420, 1434 (5th Cir. 1995). To show plain error, the appellant must show an error that is clear or obvious and that affects his substantial rights. United States v. Baker, 538 F.3d 324, 332 (5th Cir. 2008), cert. denied, 77 U.S.L.W. 3398 (Jan. 12, 2009) (No. 08-7559). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Baker, 538 F.3d at 332. Because Aleman has failed to demonstrate that he was prejudiced by any alleged deviation from Rule 32, we find no reversible error.

Aleman also argues that his sentence was procedurally unsound because the district court's statement of reasons was inadequate.[1] Aleman stated in writing and in open court that he had no objections to the PSR, and he did not identify any 18 U.S.C. § 3553(a) factor that weighed in favor of a lower sentence. Aleman's attorney only stated that Aleman has "an action pending to validate prior actions that may have made him a citizen when he was a child."[2] The district court then pronounced its sentence of 78 months of imprisonment and stated, "I believe this sentence does adequately address the sentencing objectives of punishment and deterrence." In light of the record, these reasons were sufficient to comply with § 3553(c)(2). See United States v. Rodriguez, 523 F.3d 523, 525-26 (5th Cir.), cert. denied, 129 S. Ct. 624 (2008).

---

[1] Aleman failed to object in the district court on this basis. On appeal, he contends that plain error review should not apply because he was prevented from making an objection by the district judge's statement: "You may stand aside." We disagree that such a statement prevented Aleman's objection and conclude that plain error review is the appropriate standard. However, we note that our opinion on this second issue does not turn on the standard of review.

[2] Aleman contended that he may be a United States citizen due to his mother's alleged birth in the United States. Thus, his plea agreement allowed him to seek a Certificate of Citizenship and withdraw his plea should that certificate issue. Aleman's attorney did not contend at the hearing that this situation presented a reason for a reduced sentence.

AFFIRMED.