# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 3, 2010

Charles R. Fulbruge III
Clerk

No. 09-60369
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RODNEY RAY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:08-CR-108-1

Before HIGGINBOTHAM, CLEMENT and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Rodney Ray appeals his sentence following his guilty plea conviction for one count of possession of a computer containing images of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and 18 U.S.C. § 2256(8)(A). Ray contends that the district court erred by failing to grant him a downward departure, and, as such, that his within-guidelines sentence is unreasonable. Ray specifically argues that the district court should have given minimal weight to the guidelines range because U.S.S.G. § 2G2.2 it is not based on empirical

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence and results in exponentially high sentences for persons convicted of possessing child pornography. He further argues that the other § 3553(a) sentencing factors militated in favor of a below-guidelines sentence.

In reviewing a sentence, this court should "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008). When the district court imposes a sentence within a properly calculated guidelines range and gives proper weight to the Guidelines and the § 3553(a) factors, this court gives "great deference to that sentence and will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines in light of the sentencing considerations set out in § 3553(a)." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 129 S. Ct. 328 (2008). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *Campos-Maldonado*, 531 F.3d at 338.

In this case, the district court considered Ray's argument for a below-guidelines sentence in conjunction with the § 3553(a) sentencing factors and determined that they supported a within-guidelines sentence. The absence of empirical data supporting § 2G2.2 and Ray's disagreement with his within-guidelines sentence are insufficient to rebut the presumption that his sentence is reasonable. *Campos-Maldonado*, 531 F.3d at 338. Accordingly, the district court did not err by not sentencing Ray to a below-guidelines sentence.

AFFIRMED