# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 9, 2010

Charles R. Fulbruge III
Clerk

No. 09-10090
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LEVANDER CARLTON MCLEAN; RITA MURPHY MCLEAN,

Defendants-Appellants

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CR-6-1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendants-Appellants Rita Murphy McLean and Levander Carlton McLean appeal their convictions, following a jury trial, for one count of conspiracy to use identification documents unlawfully, in violation of 18 U.S.C. §§ 371, 1028(a)(7), 1028(b)(1)(D). Mr. McLean contends that the district court erred in denying his motion to suppress statements made during an alleged "custodial" interview with IRS agents because the agents failed to inform him of his rights under *Miranda v. Arizona*, 384 U.S. 436, 479 (1966). Mrs. McLean contends that her within-guidelines sentence is unreasonable based on her

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

family circumstances. "We have long pitched the standard of review for a motion to suppress based on live testimony at a suppression hearing at a high level." *United States v. Randall*, 887 F.2d 1262, 1265 (5th Cir. 1989). "In reviewing the denial of the defendant's motion to suppress, we review the district court's factual findings, including its credibility choices, for clear error, and its legal conclusions *de novo*." *United States v. Solis*, 299 F.3d 420, 435 (5th Cir. 2002). "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." *United States v. Jacquinot*, 258 F.3d 423, 427 (5th Cir. 2001). Suppression hearing evidence must be "viewed in the light most favorable to the prevailing party." *Id.*

A person subject to interrogation by government agents must be Mirandized "only where there has been such a restriction on a person's freedom as to render him in custody." *Oregon v. Mathiason*, 429 U.S. 492, 495 (1977). A person not formally arrested is deemed to be in custody "when a reasonable person in the suspect's position would have understood the situation to constitute a restraint on freedom of movement of the degree which the law associates with formal arrest." *United States v. Courtney*, 463 F.3d 333, 337 (5th Cir. 2006) (internal quotation marks and citation omitted).

Mr. McLean claims that statements he made during an interview with IRS agents should be suppressed because he was in "custody" at the time. At Mr. McLean's suppression hearing, an IRS Special Agent testified that he and other agents who had been conducting surveillance of Mr. McLean located Mr. McLean in his car at a stop sign and asked him if he would agree to answer questions at an IRS building located nearby. Mr. McLean agreed and followed the agents to the IRS building in his own car. The agent testified that Mr. McLean was not arrested, handcuffed, frisked, searched, or removed from his car. Further, the agents were driving unmarked cars and were not in uniform.

The court heard testimony that after arriving at the IRS building, Mr. McLean was read his noncustodial rights and was not handcuffed, arrested, or searched. The court heard further testimony that Mr. McLean was never told that he could not leave and that he was specifically told that if he wanted an attorney, the interview would end and he could leave. The court heard testimony that all agents in the room with Mr. McLean were seated, were not surrounding him, and were not blocking the exit door. Finally, the court heard testimony that Mr. McLean voluntarily answered questions, did not ask for an attorney, and never asked to leave. At the end of the interview, Mr. McLean left in his own car. We hold that, under these circumstances, the district court did not err in denying the motion to suppress. *See Courtney*, 463 F.3d at 337. We therefore affirm Mr. McLean's conviction and his sentence.

Mrs. McLean contends that her within-guidelines sentence is unreasonable because of her family circumstances, specifically, that there is no one else to care for her minor children. In reviewing a sentence, we "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008). When the district court imposes a sentence within a properly calculated guidelines range and gives proper weight to the Guidelines and to the § 3553(a) factors, we give "great deference to that sentence and will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines in light of the sentencing considerations set out in § 3553(a)." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 129 S. Ct. 328 (2008). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *Campos-Maldonado*, 531 F.3d at 338.

As a general rule, we review the substantive reasonableness of a sentence for abuse of discretion. *Gall*, 552 U.S. at 51. If, however, a defendant fails to object to a sentencing error contemporaneously, we review for plain error only. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). In *United States v. Peltier*, 505 F.3d 389, 391-94 (5th Cir. 2007), we held that a defendant's failure to object to the reasonableness of his sentence triggers plain error review. In light of *Peltier*, it is unclear whether Mrs. McLean's failure to object that her sentence was unreasonable relegates to plain error review the issues that she raised at her sentencing hearing in support of a below-guidelines sentence. This question need not be resolved here, however, because Mrs. McLean's sentence should be affirmed under either standard.

Mrs. McLean's contention that no other person is available to care for her children is belied by the record; and, regardless, Mrs. McLean has not overcome the presumption that her within-guidelines sentence is reasonable. *Campos-Maldonado*, 531 F.3d at 338. We hold that Mrs. McLean's sentence is not unreasonable and that the district court did not err by not sentencing Mrs. McLean to a below-guidelines sentence. The rulings of the district court as to both Defendants-Appellants are, in all respects,

AFFIRMED.