# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 23, 2010

Lyle W. Cayce
Clerk

No. 09-20773
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MAURICIO ALEXANDER RUIZ-DURON, also known as Mauricio Alexander Ruiz, also known as Mauricio Ruiz,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-758-1

Before SMITH, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Mauricio Alexander Ruiz-Duron (Ruiz) pleaded guilty to illegal reentry following deportation. The district court imposed a within-guidelines range sentence of 43 months in prison. Ruiz appeals the sentence imposed, arguing that the district court committed procedural error by failing to sufficiently explain its reasons for rejecting his request for a downward variance from the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

applicable sentencing range.    He also contends that the sentence was substantively unreasonable.

"[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita v. United States*, 551 U.S. 338, 356 (2007).  The requirement that the district court explain its sentence may be satisfied if the district court listens to arguments and then indicates that a sentence within the guidelines range is appropriate. *Id.* at 357-59.  The record shows that the district court heard Ruiz's arguments, rejected those arguments, and stated that a sentence within the applicable guidelines range satisfied the factors of 18 U.S.C. § 3553(a).  Accordingly, the district court's explanation of the sentence imposed, while brief, was legally sufficient. *See id.* at 358-59.

"A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).  The fact that this court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (2007).  We conclude there is "no reason to disturb" the presumption of reasonableness in this case. *See United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008).  Consequently, the judgment of the district court is AFFIRMED.