# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 10, 2010

Lyle W. Cayce
Clerk

No. 09-11167
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID MARTINDALE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-77-1

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

David Martindale pleaded guilty to being a felon in possession of a firearm. The district court imposed a within-guidelines sentence of 120 months in prison. Martindale appeals the sentence imposed, arguing that the district court committed procedural error by failing to sufficiently explain the reasons for overruling his objections to the obliterated-serial-number enhancement and the § 2K21.(b)(6) enhancement. He also asserts that the district court committed procedural error by enhancing his sentence pursuant to § 2K2.1(b)(6). Finally,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he contends that his sentence is substantively unreasonable because the obliterated-serial-number enhancement quadrupled since the enactment of the initial guidelines without any consideration of the overall purposes of sentencing.

Martindale's argument regarding the adequacy of the district court's reasons is unavailing. The district court listened to Martindale's arguments, adopted the presentence report (PSR), and rejected Martindale's request for a downward departure. *See United States v. Rodriguez*, 523 F.3d 519, 525-26 (5th Cir. 2008). Further, the district court stated that upon consideration of the 18 U.S.C. § 3553(a) factors, it felt that a sentence within the guidelines sentence range was justified. Thus, this court is satisfied that the district court judge considered the parties' arguments and had a reasoned basis for exercising his own legal decision making authority. *See Rita v. United States*, 551 U.S. 338, 347 (2007).

The district court's argument regarding the § 2K2.1(b)(6) enhancement is also without merit. Section 2K2.1(b)(6) requires the district court to impose a four-level enhancement "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." Martindale admitted to selling methamphetamine at his home, where a firearm was discovered. Martindale also admitted that most of those firearms discovered in Sheri Lynn Courtney's vehicle and residence were obtained as payment for methamphetamine. Thus, the district court's finding that Martindale used a firearm or possessed a firearm in connection with another felony offense is plausible in light of the record as a whole. *See United States v. Condren,* 18 F.3d 1190, 1199 (5th Cir. 1994).

Finally, Martindale's argument that his sentence is substantively unreasonable is also without merit. *See Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009)(stating that while a district court may vary from the guidelines range based solely on policy considerations,

this court will not second guess the district court's refusal to do so because a particular guidelines is not empirically based).   Accordingly, Martindale's sentence is AFFIRMED.