# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 4, 2011

No. 10-10502
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

GUSTAVO PULIDO,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-160-6

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

A requested downward variance having been denied at sentencing, Gustavo Pulido appeals his 48-month within-Guidelines sentence, imposed following his guilty-plea conviction for conspiracy to smuggle firearms from the United States to Mexico, in violation of 18 U.S.C. § 371. Challenging the substantive reasonableness of his sentence, Pulido maintains that, in deciding upon his sentence, the district court failed to consider his physical condition and expected deportation.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10502

Pulido concedes he did not specifically object to the reasonableness of his sentence in district court, and states that, as a result, his sentence is reviewed only for plain error. *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). On the other hand, our court has applied an abuse-of-discretion standard where, as here, defendant presented detailed assertions and testimony in support of a downward variance. *United States v. Rodriguez*, 523 F.3d 519, 525-26 & n.1 (5th Cir. 2008). It is unnecessary to decide whether Pulido's failure to object to the reasonableness of his sentence results in plain-error review—the district court's reasons were sufficient under either standard. *See, e.g.*, *id*.

Although, post-*Booker*, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). Pulido does not claim procedural error. As Pulido concedes, a presumption of reasonableness applies to his within-Guidelines sentence. *E.g.*, *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

Pulido's 48-month sentence was near the bottom of his 46-57 months advisory sentencing range. It was imposed after the court stated it would "take into account the things [it had] heard" at the sentencing hearing in deciding on the sentence. Along that line, and contrary to Pulido's assertions, the court considered his physical condition and expected deportation. In addition, Pulido has not shown that the court improperly accounted for any sentencing factor or that its balancing of those factors "represent[ed] a clear error of judgment". *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010). Accordingly, he has failed to rebut the presumption of

reasonableness that attaches to his within-Guidelines sentence.  *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).

AFFIRMED.