# H IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 17, 2011

No. 10-30764 c/w
No. 10-30800
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JULIUS WALKER,

Defendant-Appellant

Cons. w/ No. 10-30800

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHNNY RAY HARPER,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:09-CR-164-4
USDC No. 5:09-CR-164-7

Before KING, HIGGINBOTHAM, and BENAVIDES, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30764 c/w
No. 10-30800

Julius Walker and Johnny Ray Harper appeal their sentences following guilty pleas to conspiracy to distribute 50 grams or more of cocaine base. Walker was sentenced to a 188-month term of imprisonment, the lowest sentence in his advisory sentencing guidelines range, while Harper received a 240-month statutory minimum sentence due to a sentence enhancement imposed pursuant to 21 U.S.C. § 815.

Walker argues that his sentence is unfair due to the disparity in punishments for crack and powder cocaine offenses in effect at the time of his sentencing. He raised this issue at sentencing, but the district court concluded that regardless of the disparity, a 188-month sentence was appropriate under 18 U.S.C. § 3553(a) due to quantity of drugs involved, his role in the conspiracy, and his previous criminal history. He has not shown that this sentence is unreasonable. *See United States v. Rodriguez*, 523 F.3d 519, 526 n.1 (5th Cir. 2008).

We find no merit in Walker's alternative contention that he should be resentenced pursuant to the amendments to the Sentencing Guidelines that became effective on November 1, 2010. *See United States v. Rodarte-Vasquez*, 488 F.3d 316, 322 (5th Cir. 2007); *United States v. Fields*, 72 F.3d 1200, 1216 (5th Cir. 1996).

Harper argues that his sentence should be vacated because the Fair Sentencing Act of 2010 applies retroactively to persons on direct appeal; however, he correctly concedes that the argument is foreclosed by our decision in *United States v. Doggins*, 633 F.3d 379, 384 (5th Cir. 2011).

Accordingly, the defendants' sentences are AFFIRMED.