**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Victor IRACHETA–PEREZ,**
**Defendant–Appellant.**

**No. 11–40037**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Sept. 27, 2011.

Renata Ann Gowie, Assistant U.S. Attorney, James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Edward A. Stapleton, III, Esq., Stapleton & Stapleton, Brownsville, TX, for Defendant–Appellant.

Before SMITH, GARZA, and DeMOSS, Circuit Judges.

PER CURIAM: *

Victor Iracheta–Perez appeals the 48–month sentence imposed following his guilty plea conviction for being found unlawfully present in the United States following deportation. Iracheta–Perez argues that U.S.S.G. § 2L1.2(b), the

---

Guideline authorizing the 16–level enhancement of his offense level based on his prior conviction for an aggravated assault, is unconstitutional because it allows his prior conviction to be used to increase his offense level and his criminal history score, and it results in the violation of his right to equal protection based on national origin and alienage.

Iracheta did not argue in the district court that his sentence was unreasonable or a violation of equal protection in light of double counting. Thus, review of this argument is for plain error. *See United States v. Peltier,* 505 F.3d 389, 391–92 (5th Cir.2007). The presentence report reflects and defense counsel recognized at sentencing that Iracheta did not receive any criminal history points for the Minnesota assault conviction. Thus, no double counting occurred. Further, double counting is permissible under the applicable Guideline. *See United States v. Gaytan,* 74 F.3d 545, 560 (5th Cir.1996); § 2L1.2, comment. (n.6). Iracheta–Perez did not show that the use of double counting at sentencing or the potential use of it constituted plain error.

Iracheta argues that illegal aliens who are prosecuted for illegal reentry are treated differently and in a discriminatory manner based on a suspect classification. Because Iracheta raised this argument in the district court, this court reviews the factual findings for clear error, and legal conclusions are reviewed de novo. *See United States v. Rodriguez,* 523 F.3d 519, 526 (5th Cir.2008).

This court has rejected the argument that the 16–level enhancement authorized by § 2L1.2 based on a prior aggravated felony conviction results in the denial of equal protection in the absence of a showing that similarly situated individuals are treated more favorably or differently at

sentencing. *See United States v. Cardenas–Alvarez,* 987 F.2d 1129, 1134 (5th Cir. 1993). Iracheta has not made such a showing.

The sentence is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under