# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 2, 2011

No. 11-40307
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICHARD A. BLAKE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-450-2

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Richard A. Blake appeals the 135-month sentence imposed following his guilty plea to conspiring with others to possess with intent to distribute 496.12 kilograms of marihuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and 21 U.S.C. § 846. Blake contends that his sentence, which was within the guidelines range of 135 to 168 months of imprisonment, is unreasonable because of the sentencing disparity between his sentence and those received by his codefendants.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The record reveals uncertainty regarding whether the argument that Blake presents to us  was properly preserved in the district court.  We need not resolve this issue, however, as the following analysis indicates that Blake cannot prevail even under the less deferential, abuse-of-discretion standard.  *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).  When, as in Blake's case, the district court imposes a sentence that is within a properly calculated guidelines range, we  apply a rebuttable presumption of reasonableness.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert denied*, 130 S. Ct. 1930 (2010).

Pursuant to 18 U.S.C. § 3553(a)(6), the sentencing court shall consider "the need to avoid unwarranted sentence disparities among defendants with similar record who have been found guilty of similar conduct."  In Blake's case, the record reflects a factor that distinguishes Blake from his codefendants:  Blake's co-defendants cooperated with the government's investigative efforts.  In light of their cooperation, the government's investigative case agent promised Blake's co-defendants that they would not be punished based on the information that they provided.  No such promise was made to Blake.  Moreover, at sentencing, Blake agreed with the district court's guidelines calculations, which depended on drug quantity, and he agreed with the resulting guidelines range.  Also, the district court's sentencing determination was based, in part, on the observation that Blake was the leader of the organization.  Leadership is an appropriate factor for a district court to consider when imposing a sentence that results in a disparity with the sentence of a codefendant.  *See Cooks*, 589 F.3d at 186.  Finally, the sentencing decision reflects an individualized assessment based on the facts of the case following consideration of the § 3553(a) factors.  *See Gall v. United States*, 552 U.S. 38, 49-51 (2007).  Blake's argument thus does not overcome the presumption of reasonableness that applies to his within-guidelines sentence. *See Cooks*, 589 F.3d at 186.

No. 11-40307

For the foregoing reasons, the judgment of the district court is AFFIRMED.