# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 23, 2012

No. 11-20418
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JUAN ARELLANO MENDOZA, also known as Juan M. Arellano, also known as Juan Mendoza Arellano, also known as Juan Arellano-Mendoza, also known as Rafael Zarate,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-827-1

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Juan Arellano Mendoza challenges the sentence imposed following his guilty-plea conviction for illegal reentry into the United States after deportation subsequent to an aggravated-felony conviction. He was sentenced to, *inter alia*, 75-months' imprisonment, which was below his Guideline sentencing range. He contends the sentence is procedurally and substantively unreasonable.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20418

Although, post-*Booker*, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline sentencing range for use in deciding a sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, the court's application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

For claiming his sentence was procedurally unreasonable, Mendoza maintains the court did not address one of his nonfrivolous contentions for a lower sentence. Although he generally objected to the adequacy of the court's reasons for the sentence, he did not specifically raise this contention. But, our court need not determine the appropriate standard of review because Mendoza is not entitled to relief even assuming he preserved the procedural-reasonableness issue. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

The court: adopted the presentence-investigation report; listened to, and considered, counsel's contentions for a lower sentence; and, granted a downward departure as a result. The court specifically referenced several 18 U.S.C. § 3553(a) sentencing factors when imposing sentence and stated that, based on his criminal history, Mendoza was likely to recidivate. The court's explanation stated ample reasons for sentencing and sufficiently considered Mendoza's claimed bases for a lower sentence. *See Rodriguez,* 523 F.3d at 525-26.

For claiming his sentence is substantively unreasonable and greater than necessary to meet the goals of § 3553(a), Mendoza maintains: (1) his prior offense, which increased his base offense level by 16, was committed over seven years before the instant offense; and, (2) the sentence did not take into account that many of his past convictions resulted from alcohol addiction. These contentions merely reflect Mendoza's disagreement with the propriety of his

2

No. 11-20418

sentence and the court's weighing of the § 3553(a) factors.  *See United States v. Ruiz,* 621 F.3d 390, 398 (5th Cir. 2010) (mere disagreement with propriety of within-Guidelines sentence will not rebut presumption of reasonableness).

AFFIRMED.