# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 16, 2013

Lyle W. Cayce
Clerk

No. 12-10381
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE LUIS ORTEGA-MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-157-1

Before WIENER, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jose Luis Ortega-Martinez appeals his within-guidelines 120-month sentence that followed his guilty plea to conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine.  We affirm.

Ortega-Martinez contends that the district court committed a procedural error when it applied a two-level U.S.S.G. § 2D1.1(b)(1) enhancement for possessing a dangerous weapon in connection with a drug trafficking crime.  We

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review this factual finding by the district court for clear error. *See United States v. Ruiz*, 621 F.3d 390, 396 (5th Cir. 2010). The unrebutted facts contained in the presentence report and factual resume show that Ortega-Martinez could reasonably have foreseen the possession of the firearm by his coconspirator at the residence used to distribute large amounts of cocaine. *See United States v. Mergerson*, 4 F.3d 337, 350 (5th Cir. 1993). As Ortega-Martinez is held responsible for all reasonably foreseeable acts of the conspiracy, we uphold the district court's application of the enhancement. *See id.*

Ortega-Martinez argues that the sentence imposed was substantively unreasonable because the district court failed to consider adequately his personal history and characteristics, pursuant to 18 U.S.C. § 3553(a)(1), and the availability of other sentences. As Ortega-Martinez did not object to the substantive reasonableness of the sentence in the district court, our review is limited to plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

After considering the arguments of counsel regarding Ortega-Martinez's likely deportation and the fact that his spouse is a United States citizen, the district court concluded that a sentence in "the middle" of the guideline range would be appropriate and would adequately address all the factors that the court should consider under § 3553(a). As Ortega-Martinez was sentenced within a properly calculated Guidelines range, his sentence is entitled to a presumption of reasonableness, which we see no reason to disturb. *See United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008).

AFFIRMED.