# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 13, 2013

No. 11-51142
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUBEN MARQUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-1450-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ruben Marquez was convicted by a jury of conspiring to possess with intent to distribute 100 kilograms or more of marijuana. The district court sentenced Marquez to a $5,000 fine and 78 months in prison to be followed by five years of supervised release. Marquez now appeals his conviction and sentence, arguing that the district court abused its discretion when it denied his motion to strike testimony that referenced several non-custodial statements he made. He asserts only that the testimony violated his agreed motion in limine.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

During the trial, Agent Felix Sauceda of the United States Border Patrol testified regarding some statements Marquez made prior to his arrest. Marquez complained that the testimony violated his motion in limine because the Government did not disclose to him its intended use of those statements. The district court refused to strike the testimony, noting that both the court's general order of discovery and Marquez's motion in limine only required disclosure pursuant to Federal Rule of Criminal Procedure 16.

We review the district court's denial of a properly preserved evidentiary objection for an abuse of discretion, subject to a harmless error analysis. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 757 (5th Cir. 2008); *United States v. Crawley*, 533 F.3d 349, 353 (5th Cir. 2008). Marquez did not make a contemporaneous objection to the introduction of the contested evidence during Agent Sauceda's testimony, objecting only well after the testimony came in. Therefore, Marquez's issue is arguably subject to plain error review. *See generally United States v. Graves*, 5 F.3d 1546, 1551-53 (5th Cir. 1993) (applying plain error review where defendant did not renew objection to introduction of evidence at trial after having unsuccessfully opposed a motion in limine prior to trial).[1]

Contrary to Marquez's assertion otherwise, his motion in limine was not so broadly-worded as to require the court to strike any and all testimony about which he had not previously been told. As the district court noted, Marquez's motion in limine specifically referenced Rule 16. Rule 16 provides, in relevant part, "[u]pon a defendant's request, the government must disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement

---

[1] The standard of review is not case-determinative because Marquez's arguments fail under either standard. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008); *United States v. Tannehill*, 49 F.3d 1049, 1057 n.10 (5th Cir. 1995).

at trial." FED. R. CRIM. P. 16(a)(1)(A). Marquez concedes that he was not being interrogated at the time he made the contested statements. Thus, the terms of his motion in limine did not require the Government to reveal its intended use of those statements. *See United States v. Fischel*, 686 F.2d 1082, 1090 (5th Cir. 1982) (noting that discovery in criminal cases is "narrowly limited" and largely governed by the Federal Rules of Criminal Procedure). Accordingly, the district court did not commit error when it refused to strike Agent Sauceda's testimony about Marquez's statements. *See Cisneros-Gutierrez*, 517 F.3d at 757; *Graves*, 5 F.3d at 1551-53.

The judgment of the district court is AFFIRMED.