# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 18, 2008

Charles R. Fulbruge III
Clerk

No. 07-10973
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ALFREDO MARTINEZ-DAVALOS

Defendant-Appellant

Appeal from the United States District Court
for the Northern  District of Texas
USDC No. 3:06-CR-388-ALL

Before DAVIS, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Alfredo Martinez-Davalos (Martinez) appeals the 37-month sentence imposed following his guilty plea conviction for being found unlawfully in the United States following deportation.  Martinez argues that the district court committed a procedural error by applying a presumption of reasonableness in determining his guidelines sentencing range and also improperly imposed an evidentiary burden on Martinez to justify a variance or departure from the guidelines range.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In United States v. Gall, 128 S. Ct. 586, 596 (2007), the Supreme Court held that a district court must initially correctly calculate the sentencing guideline range and must then consider the 18 U.S.C. § 3553 factors to determine whether they support the sentence requested by a party. The Court further held that the district court "may not presume that the Guidelines range is reasonable." Id. at 596-97. The district court must "make an individualized assessment based on the facts presented." Id. at 597.

Despite its remarks concerning the application of the presumption of reasonableness, the district court acknowledged that the Guidelines were advisory and it properly considered the factors listed in § 3553(a) in imposing sentence. The record does not reflect that the district court believed that it was bound by the Guidelines, rather, it shows that the district court was aware of its discretion to depart. The district court allowed both parties to present their views as to what they deemed to be an appropriate sentence and did not impose an improper burden of proof on Martinez. Thus, the record rebuts Martinez's assertion that the district court treated the Guidelines as mandatory and improperly applied the presumption of reasonableness in imposing sentence. The sentence imposed at the bottom of the guidelines range was reasonable and did not reflect an abuse of discretion on the district court's part. See Gall, 128 S. Ct. at 596-97.

Martinez argues that his sentence was infected with a Fanfan[1] error because the district court was precluded from making a variance based on the disparity in the application of the fast track programs. Martinez acknowledges that this argument is foreclosed by circuit precedent, but states that he wishes to preserve it for further review.

In United States v. Gomez-Herrera, the court determined that "because any disparity that results from fast-track programs is intended by Congress, it is not

---

[1] United States v. Fanfan, 543 U.S. 220 (2005).

'unwarranted' within the meaning of § 3553(a)(6)." 523 F.3d 554, 562 (5th Cir.) (internal quotations and citation omitted), petition for cert. filed, (U.S. July 2, 2008) (No. 08-5226). The court rejected the argument that precluding consideration of this factor was a "Fanfan" error. Id. at 557-58, 564. Thus, this issue is foreclosed

Martinez further argues that the district court's refusal to grant a reduced sentence based on the disparity in the application of the fast-tract programs violates his right to equal protection. He acknowledges that the court has rejected this argument, but raises it to preserve it for further review.

In United States v. Rodriguez, 523 F.3d 519, 526-27 (5th Cir.), petition for cert. filed, (U.S. June 30, 2008) (No. 08-5101), the court rejected an argument that the defendant's sentence violated his equal protection rights because he did not have the benefit of a fast track program in the Northern District of Texas, while similarly situated defendants in jurisdictions having the program could receive a lower sentence based only on arbitrary geographic factors. This argument is also foreclosed.

Martinez's sentence is AFFIRMED.