# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 26, 2012

Lyle W. Cayce
Clerk

No. 11-50831
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHAD MICHAEL REDENIUS, also known as Chad Michel Redenius,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-361-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Chad Michael Redenius pleaded guilty to possession of child pornography and was sentenced to a within-guidelines sentence of 120 months of imprisonment and 10 years of supervised release. Redenius argues that the statutory-maximum sentence of 120 months was unreasonable because it was greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). In particular, Redenius argues that the district court failed to accord weight to significant sentencing factors that should have been accounted for, including

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that Redenius had been assaulted as a child; that Redenius had suffered emotional and psychological problems from being assaulted; that in the two years Redenius was free after his house was searched he did not return to his misconduct; that Redenius was genuinely remorseful; and that the doctor who examined Redenius thought treatment would assist Redenius. He argued that the statutory-maximum sentence imposed in a mine-run possession case shows that the district court failed to accord weight to the mitigating evidence that showed a sentence of less than 10 years would have been sufficient to accomplish the purposes of § 3553(a).

The substantive reasonableness of a sentence is reviewed for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence imposed within a properly calculated guideline range is entitled to a rebuttable presumption of reasonableness. *Rita v. United States*, 551 U.S. 338, 347 (2007). To rebut the presumption of reasonableness, the appellant must show that the district court failed to account for a sentencing factor that should have been accorded substantial weight, gave substantial weight to an "irrelevant or improper factor," or made "a clear error of judgment in balancing [the] sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The district court listened to Redenius's arguments for a downward variance. The district court stated that it had considered all of the § 3553(a) factors, concluded that the guideline range of 120 months was an appropriate sentence, and chose not to vary downward. Other than his blanket assertion that the district court did not account for and weigh and balance his mitigating factors properly, Redenius has not pointed to anything in the record to show that the district court's presumptively reasonable choice of a within-guidelines sentence was an abuse of discretion. *See Rita*, 551 U.S. at 347; *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008).

Redenius notes that in *United States v. Miller*, 665 F.3d 114, 119-23 (5th Cir. 2011), we rejected the contention that sentences imposed pursuant to the

child pornography Guidelines are substantively unreasonable because those Guidelines are not empirically based.  We emphasized that the "advisory Guidelines sentencing range remains a factor for district courts to consider in arriving upon a sentence" and that the "Guidelines remain the Guidelines, and district courts must take them into account." *Id.* at 121, 123.  Redenius does not contend that his sentence is unreasonable because the child pornography Guideline is unreasonable or that the Guideline should have been ignored.  He argues that the high sentence suggested by U.S.S.G. § 2G2.2 contributed to the district court's improper balancing of the § 3553 factors and that the statutory maximum sentence imposed was unreasonable on the facts and circumstances of his case.

The argument that § 2G2.2 unreasonably skews the Guidelines too high even in a typical possession of child pornography case was also rejected in *Miller*. *See Miller*, 665 F.3d at 122-23.  "A sentence is not unreasonable simply because it applied these enhancements to arrive upon the properly calculated advisory Guidelines range." *Id.* at 123.

Redenius has failed to show that his within-guidelines sentence of 120 months is substantively unreasonable, and his sentence is AFFIRMED.