**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 18, 2012

Lyle W. Cayce
Clerk

No. 11-10367
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

THOMAS BUEHLER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CR-140-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Thomas Buehler appeals his jury trial conviction for theft or embezzlement from an employee pension benefit plan. *See* 18 U.S.C. § 664. Buehler owned Northlake Plumbing, Inc. (Northlake) and was the trustee of its pension plan. After initiating the termination of the plan, Buehler in 2008 withdrew all of its assets from its investment account and deposited them into a regular bank account of Northlake's. The proceeds owed to plan participants other than Buehler totaled $52,693.72. That amount was never distributed but was instead

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

used to cover Northlake's regular business expenses. Buehler's defense was that he was negligent in not safeguarding the plan's assets but that he was not an embezzler and did not intend to divert the assets from plan participants.

Buehler contends that the district court abused its discretion when it allowed evidence about a civil audit investigation of the plan begun by the Department of Labor (DOL) in May 2006 after it received a report that he had withheld contributions from plan participants' paychecks but had not deposited the monies into the plan. The parties disagree on whether Buehler preserved, waived, or invited error and thus on the standard of review. *See United States v. Rodriguez*, 602 F.3d 346, 350-51 (5th Cir. 2010). Buehler cannot prevail even under the least deferential standard in which we review for an abuse of discretion. *See United States v. McCall*, 553 F.3d 821, 827 (5th Cir. 2008); *United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

The evidence that Buehler claims the district court erred by including was a letter, redacted by the district court to prevent prejudice to Buehler, in which the DOL advised Buehler, during the audit and before he terminated the plan and withdrew its assets, about his duties as a fiduciary under the Employee Retirement Income Security Act (ERISA) and about his failure to meet those duties. We reject Buehler's contention that it was improper to admit evidence related to the audit, however, because the evidence was properly admitted as additional proof that Buehler knew that he had no right to divert the pension plan's assets from plan beneficiaries and thus relevant to the issue of intent and knowledge, as it lessened the likelihood that Buehler committed the charged offense mistakenly and unknowingly. *See* FED. R. EVID. 404(b); *see also United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc). Additionally, any risk of prejudice to Buehler was substantially reduced by the district court's multiple admonitions to the jury that evidence from the audit was not admitted to prove a violation of ERISA but solely for the limited purpose of showing whether Buehler had the state of mind or intent to commit the crime charged in

the indictment or whether he disposed of the plan's assets by accident or mistake. *See United States v. Crawley*, 533 F.3d 349, 355 (5th Cir. 2008).

AFFIRMED.