# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 26, 2013

No. 12-40768
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

IVAN ALEJANDRO REYES-RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-59-2

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ivan Alejandro Reyes-Rodriguez pled guilty to carjacking and bank robbery; he received concurrent sentences of 97 months in prison, to be followed by three-year terms of supervised release. On appeal, he contends that, in light of information in the presentence report ("PSR") showing his financial inability to pay immediate restitution, the district court erred by ordering him to make an immediate lump-sum payment of $52,989.50. Reyes-Rodriguez maintains that the district court did not indicate that it had considered his financial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

resources and obligations in accord with 18 U.S.C. § 3664(f)(2) and, thus, abused its discretion in scheduling the lump-sum payment.

Typically, such a challenge to the terms of a restitution order is reviewed for an abuse of discretion. *See United States v. Calbat*, 266 F.3d 358, 366 (5th Cir. 2001). The Government asserts that we should review this claim for plain error because Reyes-Rodriguez failed to object to the district court's failure to consider the propriety of the order in light of the facts and circumstances of the case. *See United States v. Myers*, 198 F.3d 160, 168-69 (5th Cir. 1999). We need not resolve whether Reyes-Rodriguez's query about a payment schedule preserved the issue because the result is the same regardless of the standard of review. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

Section 3664(f)(2) requires the district court in setting a restitution payment to consider the defendant's financial resources and assets, his projected earnings and income, and his financial obligations. This court will reverse a district court's decision concerning the scheduling of restitution payments only if the defendant can show "that it is probable that the district court failed to consider one of the mandatory factors and the failure to consider that factor influenced the court." *United States v. Schinnell*, 80 F.3d 1064, 1070 (5th Cir. 1996).

The PSR did not reflect that Reyes-Rodriguez had any assets or debts. According to the PSR, over the previous five years Reyes-Rodriguez had worked several jobs in the entertainment industry and in lawn maintenance, and all of his earnings from these jobs were used to support his family. Other than its determination that Reyes-Rodriguez could not afford to pay a fine, the district court made no reference to these limited financial resources and did not indicate how Reyes-Rodriguez would obtain the funds for a lump-sum payment.

The record does not reflect that the district court considered Reyes-Rodriguez's limited financial resources in ordering his immediate restitution payment of $52,989.50. Therefore, the district court either abused its discretion

or plainly erred in requiring the immediate payment of the restitution. *See Calbat*, 266 F.3d at 366; *Myers*, 198 F.3d at 169. Consequently, we affirm Reyes-Rodriguez's sentence in part, except for the requirement that he pay the restitution amount immediately; that part of the sentence is vacated and remanded for reconsideration of the scheduling of the restitution payment.

SENTENCE AFFIRMED IN PART, VACATED IN PART AND REMANDED.