# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 27, 2013

No. 12-20538
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HECTOR JAVIER TORRES-LIMON, also known as Hector Javier Torres, also
known as Hector Javier Torres Limon, also known as Eloy Ramirez, also known
as Hector Torres, also known as Javier Torres, also known as Hector J. Torres,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-839-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Hector Javier Torres-Limon ("Torres") pled guilty to illegal reentry in
violation of 8 U.S.C. § 1326. The district court sentenced Torres to forty-five
months in prison—below his advisory sentencing guidelines range—with no
supervised release. Torres appeals, arguing that the sentence is both

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

procedurally and substantively unreasonable. We "review the sentence under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Torres argues that his sentence was procedurally unreasonable because the district court did not give adequate reasons for rejecting his request for a below-guidelines sentence, and did not consider the 18 U.S.C. § 3553(a) factors. A sentencing judge should "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). The record reflects that the district court listened to Torres' arguments for a below-guidelines sentence, and imposed a below-guidelines sentence. The record also reflects that the district court stated after sentencing: "I feel the sentence is appropriate pursuant to 18 United States Code Section 3553(a)." The record therefore shows that the district court considered Torres' arguments, and the § 3553(a) factors, and decided that a forty-five month sentence with no supervised release was appropriate. As a result, the district court did not procedurally err. *See Rita*, 551 U.S. at 358-59; *United States v. Rodriguez*, 523 F.3d 519, 525-26 (5th Cir. 2008).

Torres also argues that his sentence was substantively unreasonable. The district court imposed a sentence that was below the guidelines range, and, therefore, is entitled to a "rebuttable presumption of reasonableness." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *see United States v. Murray*, 648 F.3d 251, 258 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 1065 (2012). As discussed above, the record reflects that the district court considered Torres' arguments, and the § 3553(a) factors, before concluding that a sentence below the guidelines range would satisfy the goals of § 3553(a). Thus, Torres' argument amounts to a disagreement with the weight given the § 3553(a) factors. However, such disagreement is insufficie

nt to rebut the presumption of reasonableness. *See, e.g., Cooks*, 589 F.3d at 186.

Accordingly, the judgment of the district court is AFFIRMED.