# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 14-41336
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 13, 2015

Lyle W. Cayce
Clerk

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOE GONZALEZ,

Defendant-Appellant

———————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-1641-1

———————

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Joe Gonzalez appeals his jury trial convictions and concurrent 72-month sentences for conspiracy to possess with intent to deliver 100 kilograms or more of marijuana, *see* 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), 846, and for possession with intent to deliver 100 kilograms or more of marijuana, *see* §§ 841(a)(1) and (b)(1)(B), 846; 18 U.S.C. § 2.  We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41336

We reject Gonzalez's claim that the district court plainly erred by failing to instruct the jury that an agreement with a government agent cannot form the basis for a conspiracy conviction. *See Sears v. United States*, 343 F.2d 139, 142 (5th Cir. 1975). Even if a *Sears* instruction may have been appropriate, we pretermit the question whether the failure to give it was error. *See United States v. Delgado,* 672 F.3d 320, 342 & n.28 (5th Cir. 2012) (en banc); *United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008). If there was error, Gonzalez has not shown that it was "reversible plain error." *Delgado*, 672 F.3d at 343.

Gonzalez "never advanced the argument that [he] conspired only with a government agent." *Delgado*, 672 F.3d at 343. Instead, his argument focused on discrediting the Government's confidential informant, someone the defense painted as an untrustworthy felon eager to be remunerated by the Government for producing a drug trafficking conviction. Gonzalez's theory of defense was that there was no conspiracy at all—that there was only the informant placing and planting ideas in law enforcement agents' heads. "Thus, the lack of a *Sears* instruction did not impede [Gonzalez's] defense" and provides no "grounds for reversal." *Delgado*, 672 F.3d at 343 (internal quotation marks and citation omitted).

We reject also Gonzalez's contention that the district court abused its discretion by propounding a deliberate ignorance instruction. *See United States v. Nguyen*, 493 F.3d 613, 619 (5th Cir. 2007). Any error in giving such an instruction is harmless if substantial evidence showing actual knowledge was adduced at trial, as happened in Gonzalez's case. *See United States v. McElwee*, 646 F.3d 328, 341 (5th Cir. 2011).

AFFIRMED.

2