# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-51054
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 20, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER DIAZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:15-CR-280-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Christopher Diaz pled guilty to two counts of aiding and abetting the transportation of illegal aliens for financial gain in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (v)(II).   The district court rejected Diaz's request for a downward variance and sentenced him to 30 months of imprisonment on each count, to run concurrently, and to a three-year term of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-51054

Diaz argues that his 30-month sentence, which is at the bottom of the applicable guideline range of 30–37 months, is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553 and is, therefore, substantively unreasonable.  He claims the district court gave too much weight to his prior drug convictions, which were relatively old and the product of his substance abuse problem.  He also contends that the sentence overestimated the seriousness of his offense and was greater than necessary to provide deterrence or protect the public given that he was not a repeat alien transporter, did not stand to benefit financially from the crime, and did not know he would be transporting four other aliens when a friend called and asked Diaz to give him and his undocumented pregnant cousin a ride.

A properly preserved challenge to the substantive reasonableness of a sentence will be reviewed by this court for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  An unpreserved substantive reasonableness challenge will be reviewed on appeal for plain error.  *United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007).[1]  Although Diaz argued in the district court for a downward variance based on the same arguments he now raises on appeal, he failed to object to the substantive reasonableness of the sentence imposed.  Nevertheless, because Diaz's sentence can be affirmed under the abuse of discretion standard, it is unnecessary for this court to decide whether plain error review should be applied.  *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

Diaz's arguments are nothing more than a disagreement with the district court's weighing of the Section 3553(a) factors, which is insufficient to show an

---

[1] For the purpose of preserving the issue for further review, Diaz asserts that if a defendant has already presented his arguments for a lower sentence to the district court, he need not object to the length of the sentence after it is imposed to preserve for appeal a claim of substantive reasonableness.  He concedes this argument is foreclosed by circuit precedent.  *See Peltier*, 505 F.3d at 391–92.

No. 15-51054

abuse of discretion. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). By adopting the presentence report, the district court considered the nature of Diaz's offense conduct, as well as his prior adult convictions, including the types and dates of those convictions. The district court considered Diaz's request for a downward variance, but concluded that "a fair and reasonable sentence [could] be achieved with a sentence selected from within the advisory range." Diaz is essentially asking this court to reweigh the Section 3553(a) factors. We decline to do so. *See Rodriguez*, 523 F.3d at 526.

The judgment of the district court is AFFIRMED.