# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10039
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
December 4, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TERRY BRIDGEWATER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-524-1

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Terry Bridgewater pleaded guilty to a single count of being a felon in possession of a firearm and was sentenced to a total of 98 months in prison. The district court ordered the instant sentence to be served consecutively to the undischarged state sentences imposed after his conviction for three counts of burglary of a building. He appeals his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10039

Bridgewater argues that the district court reversibly erred by assessing three criminal history points for one of the state convictions of burglary of a building.  He notes that the offense was treated as relevant conduct under U.S.S.G. § 1B1.3, and, therefore, it could not be used to determine his criminal history score.  Because Bridgewater did not assert this argument in the district court, our review is for plain error.  *See United States v. Henry*, 288 F.3d 657, 664 (5th Cir. 2002).

The record supports that the district court committed a clear or obvious error by assigning criminal history points for a sentence imposed for an offense that was found to be relevant conduct.  *See* U.S.S.G. § 4A1.2(a)(1) & comment. (n.1); *United States v. Cade*, 279 F.3d 265, 269, 272 (5th Cir. 2002).  However, Bridgewater cannot demonstrate that the error affected his substantial rights. *See Puckett v. United States,* 556 U.S. 129, 135 (2009).  He nonetheless would have received three criminal history points based on the related sentences for his convictions for two other counts for burglary of a building; the sentences for those offenses could be used to calculate his criminal history score because they were not found to constitute relevant conduct.  *See* U.S.S.G. §§ 4A1.1(a), 4A1.2(a)(1), (a)(2) & comment. (n.1).  To the extent that Bridgewater seeks to contest the district court's relevant conduct finding for the first time on appeal, he cannot demonstrate that the factual determination was plainly erroneous. *See United States v. Hinojosa*, 484 F.3d 337, 340 (5th Cir. 2007).  Because he would have been sentenced under the same guidelines range, and there is no indication that, but for the district court's error, he likely would have received a lesser sentence, Bridgewater has failed to show reversible plain error.  *See United States v. Garcia-Gonzalez,* 714 F.3d 306, 317 (5th Cir. 2013); *United States v. Mudekunye*, 646 F.3d 281, 289 (5th Cir. 2011).

No. 17-10039

Bridgewater also argues that the district court wrongly applied U.S.S.G. § 5G1.3(d), rather than § 5G1.3(b), and incorrectly ordered his instant sentence to run consecutively to the undischarged sentences for his burglary offenses. He maintains that the district court misconstrued the Guidelines as to whether concurrent sentences should be imposed under § 5G1.3(b) where at least one prior state offense is found to be relevant conduct and incorrectly believed that it was required to impose consecutive sentences. We need not decide whether Bridgewater adequately preserved his appellate arguments because he has not shown that the district court erred, much less plainly erred, in its application and construction of § 5G1.3. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

The record indicates that the district court's application of § 5G1.3(d) in these circumstances was consistent with the express language of the guideline and its commentary. *See* § 5G1.3 & comment. (nn.2(A) & 4(D)). Bridgewater contends that, even if the district court correctly determined that § 5G1.3(d) applied, it wrongly believed that the provision required consecutive sentences. His claim is belied by the record. The record reflects that the district court understood that it had the discretion under § 5G1.3(d) to run the instant sentence partially concurrently or concurrently to the undischarged sentences and that it exercised its discretion to impose consecutive sentences in an effort to fashion the sentence that it thought was appropriate and reasonable based on relevant sentencing factors. *See* § 5G1.3(d).

Accordingly, the judgment of the district court is AFFIRMED.