# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 9, 2020

Lyle W. Cayce
Clerk

No. 19-50936
Summary Calendar

United States of America,

*Plaintiff—Appellee,*

*versus*

Reynaldo Salinas, *also known as* Reynaldo Salinas, Jr.,

*Defendant—Appellant.*

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:17-CR-842-1

Before Davis, Stewart, and Dennis, *Circuit Judges.*

Per Curiam:[*]

Reynaldo Salinas appeals his jury trial convictions for attempted transfer of obscene material to a minor, *see* 18 U.S.C. § 1470, and attempted coercion and enticement of a minor, *see* 18 U.S.C. § 2422(b), and his resulting cumulative prison term of 180 months and cumulative supervised release

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

term of 10 years.  Before trial, Salinas moved to suppress all the evidence gathered by the Air Force Office of Special Investigations (AFOSI) in the investigation that culminated in his arrest for the crimes of which he was ultimately adjudged guilty.  *See* FED. R. CRIM. P. 12(b)(3)(C).  As pertinent here, Salinas argued that the investigation violated the Posse Comitatus Act (PCA), 18 U.S.C. § 1385.  Pretermitting the question of a violation, the district court ruled that suppression was not appropriate because Salinas failed to demonstrate widespread and repeated violations of the PCA sufficient to justify imposition of the exclusionary sanction he sought.  Salinas's sole issue on appeal is whether the suppression ruling was erroneous.

Salinas argues that the facts prove a violation of the PCA's prohibition against using the military to enforce civilian laws—including, in this case, the federal statutes of conviction.  In his view, exclusion of the evidence gathered in the AFOSI investigation is required in order to discourage future violations of the PCA, violations that he contends are repeated and widespread in the military.

As the district court did, we assume without deciding that the AFOSI violated the PCA in investigating Salinas.  *See Weaver v. Massachusetts*, 137 S. Ct. 1899, 1911 (2017); *United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).  We note that this court has consistently deferred formulation of an exclusionary rule for a PCA violation when the question has arisen.  *See, e.g.*, *United States v. Mullin*, 178 F.3d 334, 342-43 (5th Cir. 1999); *United States v. Hartley*, 796 F.2d 112, 115 (5th Cir. 1986); *United States v. Wolffs*, 594 F.2d 77, 85 (5th Cir. 1979).

Evidence will not be excluded because of a violation of the PCA unless such violation is "'widespread and repeated.'" *Hartley*, 796 F.2d at 115 (quoting *Wolffs*, 594 F.2d at 85). In *Wolffs,* this court stated that "should [it] be confronted in the future with widespread and repeated violations of the Posse Comitatus Act an exclusionary rule can be fashioned at that time." 594 F.2d at 85. This court's cautiousness in that regard is consonant with the Supreme Court's teaching that "the deterrence benefits of suppression" must "outweigh its heavy costs." *Davis v. United* States, 564 U.S. 229, 237 (2011); *see Hudson v. Michigan*, 547 U.S. 586, 591 (2006); *United States v. Leon,* 468 U.S. 897, 906 (1984).

We decline Salinas's invitation to infer repeated violations of the PCA based on the events of this case taken together with seven court cases that Salinas cites. As he did not raise this specific argument in the district court, review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 136 (2009). The plain error standard requires, in addition to showing that a forfeited error was clear or obvious, i.e., not "subject to reasonable dispute," that the defendant show that the error affects his substantial rights. *Puckett*, 556 U.S. at 135; *see United States v. Ellis*, 564 F.3d 370, 377-78 (5th Cir. 2009); *see also United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010). If the defendant discharges his burden of showing a plain error, we have "*discretion* to remedy the error"—discretion that will not be exercised, however, if the error has no serious effect on "the fairness, integrity or public reputation of judicial proceedings." *Puckett*, 556 U.S. at 135 (internal quotation marks and citation omitted).

Our review of his brief reveals that Salinas points to at most five incidences of PCA violations in the roughly 43-year period between 1974—when *United States v. Walden*, 490 F.2d 372, 376-77 (4th Cir. 1974), Salinas's oldest cited case, was decided—and 2017, when the AFOSI investigated him. But Salinas cites no authority that supports his notion that such few incidences in such a considerable time span is what this court had in mind when referring to widespread and repeated violations that would justify the exclusionary sanction. *See Hartley*, 796 F.2d at 115. A claim that is novel and "not entirely clear under the existing case authority" is "doom[ed] . . . for plain error." *Trejo*, 610 F.3d at 319. Moreover, whether exclusion based in part on violations occurring many years ago is necessary is a proposition at least subject to reasonable debate, given that the required analytical focus includes consideration of the "the deterrence benefits of suppression" and the social costs of an exclusionary sanction. *Davis*, 564 U.S. at 237; *see Ellis*, 564 F.3d at 377-78. And that debate does not favor Salinas, who has not shown extenuating factors supporting exclusion, such as "systemic error or reckless disregard," in the instant case. *Herring v. United States*, 555 U.S. 135, 147 (2009). Consequently, we leave the ruling on the motion to suppress undisturbed, and we AFFIRM Salinas's convictions. *See Puckett*, 556 U.S. at 135-36.