# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 14, 2023

Lyle W. Cayce
Clerk

———————

No. 22-30568
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Aron Winter Mosquera-Castro,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:17-CR-13-4

———————————————————

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Aron Winter Mosquera-Castro was convicted by a jury of one count of conspiracy to distribute and to possess with the intent to distribute at least one kilogram of heroin, four counts of unlawful travel in aid of a racketeering enterprise, and three counts of unlawful use of a communications facility. He appeals his conviction on multiple grounds.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30568

Mosquera-Castro maintains that the district court violated his Sixth Amendment rights by preventing him from fully cross-examining a witness. He alleges that he was prohibited from asking Commander William Tanner Jenkins of the East Baton Rouge Sheriff's Office about a letter of reprimand that he received for purportedly making false statements during an internal investigation. He asserts that he could not sufficiently confront Jenkins about an issue that concerned his credibility.

Confrontation Clause issues that were properly presented at trial are reviewed de novo, subject to review for harmless error, while Confrontation Clause claims that were not asserted below are reviewed for plain error only. *United States v. Acosta*, 475 F.3d 677, 680 (5th Cir. 2007). In the absence of a constitutional violation, we review the district court's restrictions on cross-examination for abuse of discretion. *United States v. Jimenez*, 464 F.3d 555, 558-59 (5th Cir. 2006). We need not decide whether Mosquera-Castro raised the issue in the district court because his claim lacks merit under any standard of review. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

Mosquera-Castro has not shown that the district court's limitation of cross-examination violated the Confrontation Clause or exceeded the district court's discretion. *See United States v. Reagan*, 725 F.3d 471, 491 (5th Cir. 2013); *United States v. Heard*, 709 F.3d 413, 433 (5th Cir. 2013). The record reflects that there was no direct or definitive evidence that Jenkins made false statements and indicates that the reprimand was rescinded and that no other sanction was imposed. Thus, the evidence did not establish conclusively that Jenkins was untruthful and, if presented without limitation, seemingly would not have left the jury with a significantly different impression of his reliability. *See United States v. Templeton*, 624 F.3d 215, 223 (5th Cir. 2010). The district court otherwise properly excluded the evidence on the basis that the minimal probative value of allowing cross-examination on an unrelated and temporally remote issue with limited value as evidence of Jenkins's trustworthiness was

substantially outweighed by the risk of prejudice or jury confusion. *See* Fed. R. Evid. 403*; Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986); *United States v. Dvorin*, 817 F.3d 438, 449 (5th Cir. 2016). The trial court's decision in that regard did not violate the Confrontation Clause. *See Dvorin*, 817 F.3d at 449; *Reagan*, 725 F.3d at 491. The limits that the district court imposed on the questioning of Jenkins, who was subject to cross-examination in a manner that exposed the jury to facts from which it could make inferences as to his reliability on the minor issues to which he testified, fell within the reasonable constraints that the district court could impose. *See Van Arsdall*, 475 U.S. at 679-80; *Reagan*, 725 F.3d at 491; *Templeton*, 624 F.3d at 224-25.

Mosquera-Castro argues that the district court erroneously denied his motion to suppress wiretap evidence. He maintains that normal investigative techniques were working when the Government applied for a wiretap order. He thus asserts that the wiretaps were unlawful because the Government did not satisfy the necessity requirement of 18 U.S.C. § 2518(3)(c). We review a district court's authorization of a wiretap for clear error, *United States v. Kelley*, 140 F.3d 596, 604 (5th Cir. 1998), and consider de novo whether the Government satisfied the necessity requirement, *United States v. Smith*, 273 F.3d 629, 632 (5th Cir. 2001).

Here, the affidavit filed in support of the application for authorization for a wiretap established that wiretaps were necessary. The affidavit detailed that the interception of communications was the only investigative technique with a reasonable likelihood of securing evidence that would fulfill the goals of the investigation. The affidavit detailed investigators' use or possible use of traditional investigative techniques, noted their practicality or adequacy, described their limitations and risks, and stated what they accomplished or likely would accomplish vis-à-vis the aims of the investigation. The affidavit noted the prospective or retrospective failure of these techniques, *see United States v. Hyde*, 574 F.2d 856, 867 (5th Cir. 1978), and demonstrated that

investigators did not resort to wiretaps where traditional techniques would have sufficed. Regardless of whether traditional methods yielded inculpatory evidence, the methods did not produce or seem likely to yield the information that investigators sought or needed as to the offenses being investigated. *See United States v. Krout*, 66 F.3d 1420, 1425 (5th Cir. 1995); *United States v. Webster*, 734 F.2d 1048, 1054-55 (5th Cir. 1984). The Government did not have to exhaust all conceivable options before seeking a wiretap. *Kelley*, 140 F.3d at 605; *Krout,* 66 F.3d at 1424-25, and the affidavit in this case supplied a factual predicate adequate to support the finding that traditional techniques failed, reasonably appeared unlikely to succeed if tried, or were too dangerous to use. *See Kelley*, 140 F.3d at 605; § 2518.

Accordingly, the judgment of the district court is AFFIRMED.