# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 25-40013
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**
August 19, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Francisco Manuel Magdaleno,

*Defendant—Appellant*.

―――――――――――――――――

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:23-CR-111-1

―――――――――――――――――

Before Jones, Richman, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Francisco Manuel Magdaleno appeals his jury trial convictions for conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, possession with intent to distribute 5 grams or more of methamphetamine, and possession with intent to distribute 50 grams or more of methamphetamine.

―――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-40013

First, he argues that the district court violated his Sixth Amendment right to confrontation by limiting his counsel's cross-examination of the sentencing-related benefits that his codefendant would receive in exchange for her testimony in this case. We review preserved claims of Confrontation Clause error de novo, subject to harmless error analysis. *United States v. Jones*, 930 F.3d 366, 375 (5th Cir. 2019). If the Confrontation Clause is satisfied, "limitation of cross-examination is reviewed for abuse of discretion." *United States v. Roussel*, 705 F.3d 184, 194 (5th Cir. 2013). On the other hand, errors that have not been preserved are reviewed for plain error. *United States v. Acosta*, 475 F.3d 677, 680 (5th Cir. 2007). Although the Government argues that Magdaleno did not preserve a portion of his argument concerning the restriction on cross-examination, we need not reach the issue because Magdaleno's claim fails even under the ordinary standard. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

Here, Magdaleno's counsel was able to elicit that his codefendant had pleaded guilty to a count with a substantially lower punishment range than she would have faced absent her plea agreement. Counsel also elicited that the plea agreement allowed the Government to recommend a reduced sentence for the codefendant if she provided substantial assistance to the Government. Moreover, the court highlighted the existence of that plea agreement in its jury instructions and further warned that the codefendant's testimony should be received with caution and weighed with great care. Under these circumstances, the jury had sufficient information to infer that the codefendant was biased, *see United States v. Restivo*, 8 F.3d 274, 278 (5th Cir. 1993), and Magdaleno fails to show that further questioning would have given the jury a significantly different impression of the codefendant's credibility, *see United States v. Davis*, 393 F.3d 540, 548 (5th Cir. 2004). Accordingly, the district court did not violate the Confrontation Clause or abuse its discretion.

No. 25-40013

Second, Magdaleno contends that the expert testimony of Drug Enforcement Administration (DEA) chemist Angela Cassady should have been excluded under Federal Rule of Evidence 702 because her disciplinary history at the DEA rendered it unreliable. In addition, he asserts that the district court violated the Confrontation Clause by limiting cross-examination about that disciplinary history to the single charge against Cassady that had been sustained, barring questions about charges that were not sustained. Because Magdaleno did not preserve these arguments in the district court, we review under the familiar plain error standard. *See United States v. Allard*, 464 F.3d 529, 533 (5th Cir. 2006).

Magdaleno fails to show that Cassady's testimony in this case was clearly or obviously unreliable and thus inadmissible due to a disciplinary infraction sustained three years before the relevant events in this case. *See United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015). Moreover, the district court's restriction on cross-examination did not clearly or obviously violate the Confrontation Clause, given that Cassady's testimony about her prior disciplinary infraction allowed the jury to "appropriately draw inferences" relating to her reliability. *Davis*, 393 F.3d at 548 (internal quotation marks and citation omitted). Further, given other evidence supporting drug quantity, Magdaleno fails to demonstrate an effect on his substantial rights. *See United States v. Portillo*, 969 F.3d 144, 171 (5th Cir. 2020).

Third, Magdaleno asserts that the district court erred by allowing the Government to admit testimony concerning his associate's interactions with a gang affiliated with drug-trafficking. As Magdaleno did not preserve this claim, we review for plain error. *See United States v. Shows Urquidi*, 71 F.4th 357, 372 (5th Cir. 2023). Magdaleno fails to prevail under that standard. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). In particular, the record as a whole does not support the conclusion that the testimony clearly or

3

obviously constituted improper "guilt by association" evidence. *See United States v. Ocampo-Vergara*, 857 F.3d 303, 307-08 (5th Cir. 2017). In addition, Magdaleno has not shown that any such error affected his substantial rights, given the significant other evidence supporting his conviction. *See United States v. Roland*, 130 F.4th 480, 488 (5th Cir. 2025).

Accordingly, the judgment of the district court is AFFIRMED.