# United States Court of Appeals for the Fifth Circuit

---

No. 24-20494
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
September 3, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EDIN MEJIA-PAZ,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CR-237-1

---

Before HIGGINBOTHAM, ENGELHARDT, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Edin Mejia-Paz challenges the sentence for his guilty plea conviction of illegal reentry following deportation after a felony conviction. Mejia-Paz asserts that the district court's oral pronouncement of sentence conflicts with the written judgment. Specifically, he argues that the written judgment includes an unpronounced special condition of supervised release that

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

requires him to immediately report, continue to report, or surrender to United States Immigration and Customs Enforcement and follow all their instructions and reporting requirements until any deportation proceedings are completed. He contends that the report-or-surrender condition needs to be excised from the written judgment to remedy the conflict.

Mejia-Paz has not demonstrated that the district court either abused its discretion or committed reversible plain error by including the challenged condition in the written judgment. *See United States v. Gomez*, 960 F.3d 173, 179 (5th Cir. 2020). Thus, we pretermit the question of the proper standard of review. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

The record supports that there is a mere ambiguity, and not a conflict, between the oral sentence and written judgment as to the report-or-surrender condition. *See United States v. Vasquez-Puente*, 922 F.3d 700, 703-05 (5th Cir. 2019). The challenged condition is consistent with the district court's intent, and the parties' understanding, that Mejia-Paz will be deported following his prison term and thus does not broaden any of the restrictions or requirements of supervised release that were orally pronounced at the sentencing hearing. *See id.* at 705. Accordingly, the inclusion of the report-or-surrender condition in the written judgment was not impermissible. *See id.*

The judgment of the district court is AFFIRMED.