# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 23, 2026

Lyle W. Cayce
Clerk

No. 25-20247
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Carlos Ivan Toledo-Gomez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CR-521-1

_____

Before Wiener, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant Carlos Ivan Toledo-Gomez challenges the sentence imposed following his guilty plea conviction for illegal reentry after his deportation following his felony conviction.  Toledo-Gomez asserts that the district court's oral pronouncement of sentence conflicts with its written judgment.  In particular, he claims that the written judgment includes an

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

unpronounced special condition of supervised release that requires him to immediately report, to continue to report, or to surrender to United States Immigration and Customs Enforcement and to obey its instructions and reporting requirements until the completion of any deportation proceedings. Toledo-Gomez contends that this report-or-surrender condition should be excised from the written judgment to remedy the apparent conflict.

Because Toledo-Gomez has not demonstrated that the district court abused its discretion by including the challenged condition in the written judgment, we pretermit the question whether plain error review should apply. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008). The record supports the conclusion that there is a mere ambiguity—and not a conflict—between the oral and written judgments as to the report-or-surrender condition. *See United States v. Vasquez-Puente*, 922 F.3d 700, 703–05 (5th Cir. 2019). The challenged condition is consistent with the district court's intent and the parties' mutual understanding that Toledo-Gomez will be deported following his prison term. Therefore, the challenged condition does not broaden any of the restrictions or requirements of supervised release that the district court orally pronounced at the sentencing hearing. *See id*. at 705.

AFFIRMED.