# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50129
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 1, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MAURICIO ALEXANDER DIAZ-LARIO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-870-1

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Mauricio Alexander Diaz-Lario (Diaz) appeals the 80-month, within-guidelines sentence imposed following his conviction of illegal reentry into the United States. He argues that the sentence is substantively unreasonable and greater than necessary to meet the goals of 18 U.S.C. § 3553(a). Diaz asserts that when sentencing him, the district court failed to account for his personal history and circumstances, including that his motive for returning was to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50129

escape a gang in El Salvador and that he had a past addiction to cocaine. He maintains that the presumption of reasonableness should not apply to his sentence because U.S.S.G. § 2L1.2 is not supported by empirical data, but he acknowledges that this argument is foreclosed. *See United States v. Mondragon-Santiago*, 564 F.3d 357 (5th Cir. 2009).

We review sentences for reasonableness in light of the § 3553(a) factors, applying an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 49-50 (2007). Under the bifurcated review process adopted in *Gall,* we first consider whether the district court committed procedural error and next examine the sentence for substantive reasonableness. *Id.* at 51; *United States v. Johnson*, 619 F.3d 469, 471-72 (5th Cir. 2010).

The district court considered Diaz's request for a low sentence and for a reduction in his criminal history category and ultimately determined that a sentence within the advisory guidelines range was appropriate under the circumstances and the § 3553(a) factors. Diaz's argument that the court failed to consider his personal history and characteristics is insufficient to rebut the presumption of reasonableness afforded his within-guidelines sentence. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008); *see also Gall,* 552 U.S. at 51 ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."). Therefore, Diaz has failed to show that his 80-month, within-guidelines sentence is substantively unreasonable.

AFFIRMED.