# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41110
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 17, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIO URENA-OCAMPO, also known as Mario Ocampo-Urena,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CR-435-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Mario Urena-Ocampo pleaded guilty of illegal entry following deportation, and he was sentenced at the bottom of the guidelines range to a 41-month term of imprisonment. Urena-Ocampo contends that the sentence is procedurally unreasonable because the district court failed to explain its reasons for the sentence imposed and substantively unreasonable because the district court did not account for Urena-Ocampo's arguments for a more lenient

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41110

sentence based on familial ties and responsibilities.  He invokes U.S.S.G. § 5H1.6, comment. (n.1(B)).  He contends that the district court committed procedural error in failing to expressly reject his contentions and substantive error in failing to account for his familial ties and responsibilities.

After *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for procedural error and substantive reasonableness under an abuse of discretion standard.  *United States v. Johnson*, 619 F.3d 469, 471-72 (5th Cir. 2010).  Because Urena-Ocampo did not object to the procedural and substantive reasonableness of the sentence, our review is for plain error.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  To show plain error, Urena-Ocampo must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

When, as here, "the judge exercises her discretion to impose a sentence within the Guideline range and states for the record that she is doing so, little explanation is required."  *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).  The record reflects that the district court considered Urena-Ocampo's arguments and the presentence report before imposing a within-guidelines sentence because of the seriousness of Urena-Ocampo's prior conviction for aggravated assault, the circumstances of which, the court indicated, undercut his contention that he was motivated by his desire to support his family.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).  No error has been shown, plain or otherwise, with respect to the adequacy of the district court's explanation for the sentence imposed.

No. 14-41110

Urena-Ocampo has failed to rebut the presumption of reasonableness applicable to his within-guidelines sentence. *See United States v. Rodriguez*, 523 F.3d 519, 525-26 (5th Cir. 2008); *see also United States v. Harrington*, 82 F.3d 83, 90 (5th Cir. 1996) (noting that the imposition of prison sentences normally disrupts familial relationships). The judgment is AFFIRMED.