# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60508
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 8, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DWIGHT BOWLING,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:10-CR-137-1

Before JONES, BENAVIDES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Dwight Bowling pleaded guilty to one count of obstruction of justice and two counts of transportation of a minor in interstate commerce with intent to engage in sexual activity. He challenges his 300-month sentence, which was an upward variance from the applicable guidelines range. Bowling also argues that his trial counsel was ineffective on various grounds.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60508

Bowling asserts for the first time on appeal that the sentencing judge referred to Bible verses at the sentencing hearing and, therefore, the sentence was impermissibly affected by "external influences" and the judge's religious beliefs.  If we assume, without deciding, that the Sixth Amendment prohibition against a jury being exposed to external influences applies, Bowling has not shown that the district court's sentencing decision was affected by outside factors or otherwise violated due process prohibitions against sentencing based upon impermissible factors.  *See Zant v. Stephens*, 462 U.S. 862, 885 (1983). The record reflects that the judge, rather than relying on his religious beliefs, referred to Bible verses, apparently from memory, in response to Bowling's pervasive invocation of his religion during his allocution; the judge sought to impart to Bowling that his conduct was contrary to his professed beliefs and underscore that he violated a well-established principle that minors should be protected from harm.  *See United States v. Lemons*, 941 F.2d 309, 320 (5th Cir. 1991).  In any event, the record does not support that the judge sentenced Bowling more severely because of religion.  Instead, the judge found that an upward variance was proper due to the heinous nature of Bowling's crime, which involved the long-term sexual abuse of a minor and an attempt to induce the minor to lie under oath to enable Bowling to evade prosecution.  Bowling therefore has not shown plain error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Furthermore, Bowling maintains that his sentence was procedurally and substantively unreasonable.  He contends that the district court substantially varied from the guidelines range without presenting a sufficient justification. Bowling additionally argues that the district court gave significant weight to an irrelevant and improper factor, i.e., Bible verses.  Bowling seemingly failed to preserve the specific arguments that he raises and, thus, plain error would

apply. *See United States v. Tang*, 718 F.3d 476, 482-83 (5th Cir. 2013). We do not resolve the applicable standard of review because Bowling's arguments fail under the lesser abuse-of-discretion standard. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

The record establishes that the district court adequately explained the decision to vary upwardly. The district court, after providing Bowling and his counsel the opportunity to speak and considering the presentence report and applicable guidelines range, reasoned that a variance was appropriate based on specific articulated 18 U.S.C. § 3553(a) factors. The district court also set forth case-specific reasons that merited the variance; the district court noted the extreme nature of the offense and the fact that Bowling sought to conceal the crime by urging the minor to lie. Thus, the district court's explanation was sufficient. *See United States v. Diehl*, 775 F.3d 714, 723-24 (5th Cir. 2015); *United States v. Fraga*, 704 F.3d 432, 439 (5th Cir. 2013).

Likewise, the record supports that Bowling's sentence was substantively reasonable. The district court assessed the facts and arguments and cited case-specific reasons to support its finding that a within-guidelines sentence would not achieve the sentencing goals set forth in § 3553(a). Also, the district court did not give excessive weight to an improper factor; the record does not support that the sentencing decision was based upon the Bible or the judge's religious beliefs but rather on the nature of the offense and the need to protect the public. *See Fraga*, 704 F.3d at 440. Although the variance was significant, we have upheld similar or more substantial variations. *See United States v. McElwee*, 646 F.3d 328, 345 (5th Cir. 2011) (listing cases). Given the deference that is due to a district court's consideration of the § 3553(a) factors, *see Gall v. United States*, 552 U.S. 38, 51 (2007), and the district court's reasons for its

sentencing decision, Bowling has not shown that the sentence is substantively unreasonable, *see McElwee*, 646 F.3d at 344-45.

Bowling did not assert his ineffective-assistance claims in the district court.  Accordingly, the instant record is not sufficiently developed to allow for a fair consideration of the claims.  *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir.), *cert. denied*, 135 S. Ct. 123 (2014).

Accordingly, the judgment of the district court is AFFIRMED.