# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11035
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 15, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCELINO GALINDO, JR., also known as Marcelino Garcia Galindo, Jr.,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-88-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Marcelino Galindo, Jr., pleaded guilty to passing and uttering counterfeit money and aiding and abetting in violation of 18 U.S.C. §§ 2 and 472. The presentence investigation report calculated an advisory guidelines imprisonment range of 12 to 18 months. It also noted a greater sentence could be warranted because, inter alia, that range underrepresented Galindo's criminal history. The district court considered the 18 U.S.C. § 3553(a)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing factors and determined that a sentence of 30 months was "an appropriate sentence in this case" since Galindo's criminal history indicated that he is "a person who needs to understand that he can't continue to violate the laws."

After the district court excused the parties and concluded the proceedings, Galindo made a generic objection to the procedural and substantive reasonableness of the 30-month sentence. He received no response to his objection and asks us to remand for resentencing on that basis. It is not clear from the record whether the district court heard Galindo's objection, but nothing in the record indicates that such an objection would have been sustained. Accordingly, in the interest of judicial economy, we will treat the objection as having been implicitly overruled.

Galindo challenges his sentence as being substantively unreasonable because it overvalued the significance of his criminal history and was greater than necessary to achieve the goals of sentencing. The Government argues that because the objection made in the district court was a generic one, the issue raised here should be reviewed only for plain error. We decline to determine the applicable standard of review here as the sentence should be upheld under either standard. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008). For purposes of our reasonableness analysis, then, we will proceed as though Galindo's objection was heard, was sufficient to preserve the specific challenge he makes here, and was denied. We thus review the reasonableness of the sentence for an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

According to Galindo, the district court erred in balancing the § 3553(a) factors by aggrandizing his criminal history, which was rife with stale, low-level offenses, and minimizing his positive attributes as attested to by his

No. 14-11035

mother.  Galindo's argument is effectively a request for this court to reweigh the sentencing factors.  The sentencing court, however, is in the best position to find facts and judge their import.  *See id*.  Giving "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify" the 12-month variance here, we conclude that the 30-month sentence imposed by the district court is substantively reasonable.  *See id.*

AFFIRMED.