# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-51275
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 21, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EVERARDO LOPEZ-PORCAYO, also known as Everado Lopez, also known as Everardo Porcayo, also known as Everardo Porcayo-Lopez, also known as Borracho,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:14-CR-310

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Everardo Lopez-Porcayo (Lopez) appeals the 41-month, within guidelines sentence imposed following his guilty plea conviction of being unlawfully present in the United States after having been previously removed. He argues that the sentence is substantively unreasonable because it is greater than necessary to achieve the sentencing goals set forth at 18 U.S.C. § 3553(a).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

He contends that the application of U.S.S.G. § 2L1.2 resulted in an unreasonable sentence.  He also contends that the district court failed to take into account the fact that he has lived in the United States since he was 12 years old and faces a violent and uncertain future if removed from the United States, that he has changed his life and become a devoted family man, that his motive for returning to the United States was to be with his family, and that the district court may have been influenced by information in the presentence report indicating that he was in a gang.

We review sentences for reasonableness in light of the § 3553(a) sentencing factors.  *United States v. Mares*, 402 F.3d 511, 518-20 (5th Cir. 2005).  Our review of the substantive reasonableness of a sentence is for abuse of discretion.  *United States v. Delgado-Martinez*, 564 F.3d 750, 751-53 (5th Cir. 2009).  Although Lopez did not present to the district court all of the arguments he raises on appeal, we need not determine whether plain error review applies because his arguments fail under the abuse-of-discretion standard.  *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

When, as here, the district court imposes a sentence within a properly calculated guidelines range, the sentence is presumptively reasonable.  *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  To rebut this presumption, Lopez must show "that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors."  *Id.*

Lopez's arguments are insufficient to demonstrate that the district court failed to account for a sentencing factor that should have been given significant weight, gave significant weight to an irrelevant or improper factor, or that the sentence imposed represents a clear error of judgment in balancing the

No. 14-51275

sentencing factors. *See id.* In essence, Lopez's arguments amount to a mere dissatisfaction with the district court's weighing of the § 3553(a) factors, and such is insufficient to rebut the presumption of reasonableness that attaches to his within guidelines sentence. *See United States v. Ruiz,* 621 F.3d 390, 398 (5th Cir. 2010).

We AFFIRM.