# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30567
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 21, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL S. GOLDEN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:14-CR-139-1

Before STEWART, Chief Judge, and DAVIS and GRAVES, Circuit Judges.
PER CURIAM:[*]

Michael S. Golden appeals the 342-month sentence imposed following his conviction for a single count of production of child pornography. He argues that his sentence, which was within the guidelines range, was unreasonable because this case was not a "heartland" case, and the district court should have granted his motion for a downward departure; he maintains that his offense conduct did not involve sexual acts but rather photographs of naked children.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30567

Golden argues that that U.S.S.G. § 2G1.2, the guideline for production of child pornography, does not take into consideration the offense conduct and groups together disparate acts. He also suggests that his sentence violates the Eighth Amendment.

Ordinarily, this court reviews a district court's sentencing decision for reasonableness, under the abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 50-51 (2007). To the extent that Golden's instant arguments vary from those that he raised in the district court or are raised for the first time on appeal, those claims would be reviewed for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). However, because Golden cannot show that the district court committed error, plain or otherwise, we need not resolve the applicable standard of review. *See United States* v. *Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

To the extent that Golden argues that the district court wrongly denied his motion for a downward departure, we lack jurisdiction to review the claim because there is no indication that the district court believed mistakenly that it lacked the authority to depart. *See United States v. Sam*, 467 F.3d 857, 861 (5th Cir. 2006). The record otherwise supports that the district court made an individualized sentencing decision that reflects consideration of, and reference to, the § 3553(a) sentencing factors. *See Gall*, 552 U.S. at 49-51. The district court's sentencing decision is entitled to deference, and we may not reweigh the § 3553(a) factors or reverse a sentence even if we reasonably could conclude that a different sentence is proper. *Id*. at 51-52. Golden's disagreement with his sentence does not rebut the presumption of reasonableness that attaches to his within-guidelines sentence. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). He has not alleged or shown that his sentence fails to account for a factor that should receive significant weight, gives significant weight to

an irrelevant or improper factor, or represents a clear error of judgment in balancing sentencing factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Also, to the extent that Golden implies that his sentence is unreasonable because § 2G2.1(a) imposes the same punishment on defendants regardless of whether their offense conduct involves sexual contact with a child, his claim is unavailing. While Golden maintains that his conduct did not conform to the purported norm for an offense under § 2G2.1 because it did not involve a sexual act with children, the record belies his contention; the record supports that his offense conduct involved the commission of a sexual act or sexual contact with children (i.e., Golden molested two of his grandchildren with a buzz toy). In any event, his argument is effectively foreclosed by *United States v. Miller*, 665 F.3d 114, 121 (5th Cir. 2011). Moreover, Golden's sentence, which was within the advisory guidelines range, was not constitutionally disproportionate and, therefore, does not constitute a violation of his Eighth Amendment rights. *See United States v. Cardenas-Alvarez*, 987 F.2d 1129, 1133-34 (5th Cir. 1993).

The judgment of the district court is therefore AFFIRMED.