# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10657
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 14, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

FEDOR BELOV,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-15-1

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Fedor Belov challenges the sentence imposed following his guilty-plea conviction for being an alien in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(5)(B) and 924(a)(2). He contends his 46-month sentence is substantively unreasonable because it is greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guidelines sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). An unpreserved substantive-reasonableness challenge is reviewed only for plain error. *United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007).

The parties disagree whether Belov properly preserved his objection to the substantive reasonableness of his sentence. It is not necessary to decide whether plain-error review applies, because Belov's sentence can be affirmed even under the abuse-of-discretion standard for preserved substantive-reasonableness objections. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008). In that regard, his sentence is within the advisory Guidelines sentencing range; therefore, it is entitled to a presumption of reasonableness. *E.g., United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Belov contends the court failed to take into account that he had no criminal history, and avers the enhancement applied pursuant to Guideline § 3B1.1(c) (being a leader or organizer in the offense) was not justified by his "minimal conduct". He further maintains his sentence does not reflect his obligation to support his family in Kazakhstan. Belov concedes our court's precedent forecloses his contentions that the district court erred by denying his motion to dismiss the indictment because: § 922(g) is unconstitutional; and the indictment failed to allege he knew the firearm had traveled in interstate

commerce. He raises the issues only to preserve them for possible further review. *See United States v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013); *United States v. Rose*, 587 F.3d 695, 705–06 (5th Cir. 2009).

The record reflects the court considered Belov's mitigating contentions in weighing the § 3553(a) factors; nevertheless, it concluded a sentence at the top of the Guidelines sentencing range was warranted. Belov's assertions do not rebut the presumption of reasonableness; accordingly, he has not shown the requisite abuse of discretion. *See, e.g, United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008).

AFFIRMED.