# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 18-50273
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
February 14, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NOLYN MCMARYION,

Defendant-Appellant

———————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:17-CR-233-1

———————

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

   Nolyn McMaryion appeals his 57-month within-guidelines sentence imposed following his guilty plea conviction for being a felon in possession of a firearm. In his sole issue on appeal, McMaryion challenges the substantive reasonableness of his sentence, arguing that it is greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a). He maintains that his sentence fails to take into account the nature and circumstances of his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense, namely, that he mistakenly believed that it was legal for him to possess firearms.

We need not decide whether plain error review applies, because McMaryion's sentence can be affirmed under an abuse of discretion standard. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008). When a sentence falls within a properly calculated guidelines range, we apply a rebuttable presumption of reasonableness. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The record clearly reflects that the district court considered McMaryion's request for a sentence at the bottom of the guidelines range based on his mistaken belief that it was legal for him to possess firearms. Nevertheless, the district court concluded that a sentence at the top of the guidelines range was warranted based on the § 3553(a) factors. McMaryion's argument is nothing more than a disagreement with the district court's weighing of the § 3553(a) factors, which "is not a sufficient ground for reversal." *United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016).

Accordingly, the judgment of the district court is AFFIRMED.