# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30979
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 28, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMARIO MONTREAL HARRIS, also known as Sea Biscuit, also known as Biscuit,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:17-CR-217-1

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Jamario Montreal Harris pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). He appeals his 100-month within-guidelines sentence of imprisonment, asserting that his sentence is substantively unreasonable because it fails to account for the need to avoid unwarranted sentencing disparities between his sentence and the sentences of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30979

other, similarly situated defendants, with similar prior convictions that occurred in Texas as opposed to Louisiana (the location of his prior offense).

This court need not resolve the issue of whether Harris properly objected at sentencing, because Harris's challenge to the substantive reasonableness of his sentence fails under the ordinary, abuse-of-discretion standard. *See United States v. Rodriguez*, 523 F.3d 519, 525-26 & n.1 (5th Cir. 2008). Sentences within a properly calculated guidelines range are presumed to be substantively reasonable. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Moreover, the court infers from such a sentence "that the [district court] has considered all the factors for a fair sentence set forth in the Guidelines." *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). "The presumption [of reasonableness] is rebutted only upon showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error in judgment in balancing sentencing factors." *Cooks*, 589 F.3d at 186.

Herein, the district court considered the facts and circumstances of the case, the arguments of defense counsel for a below-guidelines sentence, and the 18 U.S.C. § 3553(a) factors – including specific consideration of the need to avoid unwarranted sentencing disparities – in finding that a within-guidelines sentence was appropriate. *See Mares*, 402 F.3d at 519. Accordingly, Harris's contentions amount to no more than a mere disagreement with the district court's weighing of the § 3553(a) factors, which is insufficient to rebut the presumption of reasonableness that attaches to his within-guidelines sentence. *Cooks*, 589 F.3d at 186. Moreover, Harris did not provide this court with any evidence – statistical or otherwise – to show that his sentence actually resulted in a disparity among similarly situated defendants nationwide (or those whose prior offenses occurred in Texas). *See id*. This court will not reweigh the

district court's assessment of the § 3553(a) factors or reverse a sentence because this court reasonably might find that a different sentence may have been proper. *See Gall v. United States*, 552 U.S. 38, 54 (2007); *see also United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

The judgment of the district court is AFFIRMED.