# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 9, 2021

Lyle W. Cayce
Clerk

No. 20-10473
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DANIEL MURILLO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-362-11

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:*

Daniel Murillo appeals the 210-month prison term and the three-year term of supervised release imposed on his guilty plea conviction for conspiracy to possess with intent to distribute a controlled substance, namely, a mixture and substance containing a detectable amount of

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10473

methamphetamine. *See* 21 U.S.C. § 846; *see also* 21 U.S.C. § 841(a)(1) and (b)(1)(C). For the reasons that follow, we affirm.

The district court declined to reduce Murillo's adjusted offense level by two levels under U.S.S.G. § 2D1.1(b)(18) because the court determined that Murillo possessed firearms in connection with the crime of conviction and thus could not meet that subsection's requirement that he satisfy all the criteria of U.S.S.G. § 5C1.2(a). As the Government shows, applying the reduction under § 2D1.1(b)(18) does not change the 240-month guidelines sentencing range calculated by the district court because the requested reduction produces that same range. Both with and without the reduction, the applicable guidelines range is above the statutory maximum sentence of 20 years and therefore the guidelines range is 240 months. *See* U.S.S.G. § 5G1.1(a); 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), 846. Consequently, because it does not affect the guidelines sentencing range, the alleged error causes no harm. *See United States v. Chon*, 713 F.3d 812, 822 n.7 (5th Cir. 2013). Because the Government has carried its burden of establishing that the district court's decision not to apply the § 2D1.1(b)(18) offense level reduction was harmless, we need not consider the propriety of that decision. *See United States v. Lopez-Urbina*, 434 F.3d 750, 765 (5th Cir. 2005); *see also Chon*, 713 F.3d at 822 n.7; *United States v. Rodriguez,* 523 F.3d 519, 525 (5th Cir. 2008).

AFFIRMED.