# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 4, 2022

Lyle W. Cayce
Clerk

No. 21-50591
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CLARENCE LESTER LEE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:19-CR-842-1

Before HIGGINBOTHAM, GRAVES, and HO, *Circuit Judges*.

PER CURIAM:*

Clarence Lester Lee appeals his convictions for one count of conspiracy to commit an offense against the United States, i.e., passing or uttering counterfeit obligations or securities, and three counts of passing or

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

uttering counterfeit obligations or securities, for which he was sentenced to 57 months of imprisonment on each count, to run concurrently.

Lee argues that there is insufficient evidence to support a two-level enhancement of his offense level for obstruction of justice pursuant to U.S.S.G. § 3C1.1 based on the tampering with and removal of a GPS tracking device that had been placed on his vehicle by law enforcement. He contends that nothing in the record suggests either that he knew that law enforcement was investigating him at the time that the tracking device was tampered with and/or removed from the vehicle, that he was responsible for tampering with and/or removing the tracking device from the vehicle, or that the information obtained by the tracker was material to the official investigation.

Under § 3C1.1, two levels are added to a defendant's offense level if the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction" and if this conduct is related to "the defendant's offense of conviction and any relevant conduct." § 3C1.1. "The government must prove sentencing enhancements by a preponderance of the evidence." *United States v. Hagman*, 740 F.3d 1044, 1048 (5th Cir. 2014) (internal quotation marks and citation omitted).

Lee and the Government dispute whether review should be for clear error or for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Zamora-Salazar*, 860 F.3d 826, 836 (5th Cir. 2017). However, we need not decide whether review should be for clear error or for plain error because Lee's arguments fail under either standard of review. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

The record contains sufficient evidence from which the district court could have reasonably inferred that a preponderance of the evidence supported the enhancement. *See Zamora-Salazar*, 860 F.3d at 836; *Hagman*,

740 F.3d at 1048.  To the extent that Lee attempts to raise additional issues in a supplemental pro se brief, he has no constitutional right to hybrid representation, and he waived his right to present a pro se brief when he accepted counsel's assistance. *See Myers v. Johnson*, 76 F.3d 1330, 1335 (5th Cir. 1996).

Accordingly, the district court's judgment is AFFIRMED. Counsel's motion to withdraw from representation is DENIED as untimely and for failure to demonstrate that "there is a conflict of interest or other most pressing circumstances or that the interests of justice otherwise require relief of counsel." *See* Fifth Circuit Plan Under the Criminal Justice Act § 5(B).