# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 19, 2024

Lyle W. Cayce
Clerk

No. 24-50211
Summary Calendar
_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Brently Jay Harmon,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:23-CR-135-1

_____

Before Graves, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Brently Jay Harmon pleaded guilty to possession of a firearm by a felon and was sentenced to 105 months' imprisonment. He now appeals his sentence, arguing that (1) the district court clearly erred by applying a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B), (2) his top-of-the-Guidelines prison term is substantively unreasonable, and (3) the district

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

court erred in failing to award a downward departure under U.S.S.G. § 4A1.3(b)(1). We disagree with all three arguments and AFFIRM Harmon's sentence.

First, Harmon argues that the district court erred in applying the U.S.S.G. § 2K2.1(b)(6)(B) enhancement based on its factual finding that he used a firearm in connection with another felony offense. We review the district court's factual finding for "clear error" and will uphold those findings "if they are plausible in light of the record as a whole." *United States v. Henry*, 119 F.4th 429, 433 (5th Cir. 2024). After considering the pleadings, video evidence, arguments from counsel, and the presentence report—which generally "bears sufficient indicia of reliability to be considered as evidence by the sentencing judge," *id.* at 433—the district court found, by a preponderance of the evidence, that Harmon used or possessed a firearm in connection with aggravated assault. Harmon argues that his conduct was not connected to any aggravated assault because he was acting in self-defense. That is certainly a plausible view of the evidence. But the evidence also shows that after removing himself from the altercation, Harmon retrieved a firearm from his motel room, reengaged with the situation, and appeared to throw the first punch in response to verbal provocation. "[W]hen there are two permissible views of the evidence," the district court's "choice between them cannot be clearly erroneous." *United States v. Hebert*, 813 F.3d 551, 560 (5th Cir. 2015). Here, the district court's finding that Harmon used a firearm in connection with aggravated assault and its rejection of his self-defense argument was a plausible view of the evidence. Accordingly, we cannot say that the district court committed clear error in applying the § 2K2.1(b)(6)(B) enhancement.

Second, Harmon contends that the district court abused its discretion in imposing a substantively unreasonable sentence because it failed to account for the nature and circumstances of his offense and the fact that he

was never charged with aggravated assault. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008) (substantive reasonableness of a sentence is reviewed for abuse of discretion). Because Harmon's sentence was within the properly calculated Guidelines, it receives a rebuttable presumption of reasonableness. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). The district court did consider the nature and circumstances of the offense, including the fact that Harmon had created a "very dangerous situation," and it concluded that the sentence was "fair and reasonable." And the fact that Harmon was not charged with aggravated assault did not preclude the district court from considering his conduct. *See United States v. Deason*, 622 F. App'x 350, 358 (5th Cir. 2015) (noting that our precedent permits consideration of "uncharged conduct incorporated into the" presentence report and Guidelines calculation). While Harmon may disagree with how the district court weighed the sentencing factors, he has not shown that it failed to account for a factor that warranted significant weight, gave undue weight to an improper or irrelevant factor, or committed a clear error of judgment in balancing the sentencing factors. *See Cooks*, 589 F.3d at 186. In short, he has not rebutted the presumption of reasonableness.

Third, Harmon argues that the district court erred by failing to award a downward departure under U.S.S.G. § 4A1.3(b)(1). We lack jurisdiction "to review a sentencing court's refusal to grant a downward departure unless the court based its decision upon an erroneous belief that it lacked the authority to depart." *United States v. Fillmore*, 889 F.3d 249, 255 (5th Cir. 2018) (internal quotation marks and citation omitted). Harmon does not argue, and nothing in the record suggests, that the district court held such an erroneous belief. We therefore lack jurisdiction to review this claim. *Id.*

For all the above reasons, the judgment of the district court is AFFIRMED.